# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MATTHEW VAQUERA,

    Plaintiff,

v

    USDC Case No. _____

    Hon. _____

CITY OF LIVONIA,

    Defendant.

_____/

Scott P. Batey (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
Ph: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

Eric S. Goldstein (P45842)
Attorney for Defendant
33000 Civic Center Drive
Livonia, Michigan 48154
Ph: (734) 466-2520
Fax: (734) 466-2072
egoldstein@livonia.gov

_____/

## NOTICE FOR REMOVAL OF CAUSE TO UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

To: Scott P. Batey (P54711)

    1.    On or about July 10, 2024, Plaintiff commenced this civil action in the Wayne County Circuit Court in the State of Michigan by filing a Complaint in which the City of Livonia was identified as a Defendant.

1

2. Per that Complaint, the Plaintiff, Matthew Vaquera, is a resident of Oakland County in the State of Michigan.

3. Plaintiff Vaquera seeks recovery from Defendant City of Livonia alleging entitlement to the same under theories of:

    a. Title VII, 42 USC 2000 *et seq*.

    b. Elliot-Larsen Civil Rights Act, MCL 37.2101 *et seq* and MCL 37.2201 *et seq*.

4. This Court has original jurisdiction over Plaintiff's claims to the extent that they are brought under the Constitution, statutes and laws of the United States which provide for equal rights and, as such, this action is removable pursuant to 28 USC §1441(a) and 28 USC §1443(2).

5. This entire cause of action, including the State law claims, are subject to removal pursuant to 28 USC §1441(c).

6. Defendant City of Livonia files this Notice for Removal with the Court within thirty (30) days of the date of the Complaint's filing and also within thirty (30) days of the date of the Complaint's service upon this Defendant.

7. A copy of the initial Complaint which sets forth Plaintiff's claim for relief is attached as **Exhibit A** to this Notice.

8. A written copy of this Notice of Removal has been advanced to counsel for Plaintiff as well as to the Clerk for the Wayne County Circuit Court in the State of Michigan.

Accordingly, it is hereby requested that this matter be removed from State to Federal Court.

                    Respectfully submitted,

                    /s/ Eric S. Goldstein
                    City of Livonia
                    Attorney for Defendant
                    33000 Civic Center Drive
                    Livonia, Michigan 48154
                    (734) 466-2520
                    egoldstein@livonia.gov
                    P45842

Dated: July 17, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed Defendant's Notice of Filing Removal and Notice of Removal to Federal Court, with the Clerk of the Court using the CM/ECF system, and a copy was electronically served upon Plaintiff's Counsel Scott P. Batey via email at sbatey@bateylaw.com using the CM/ECF file and serve system.

                    /s/Brenda Smyser
                    Program Supervisor
                    City of Livonia, Department of Law
                    33000 Civic Center Drive
                    Livonia, MI  48154
                    bsmyser@livonia.gov
                    egoldstein@livonia.gov

Dated: July 17, 2024

# Exhibit A
# Complaint

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MATTHEW VAQUERA,

    Plaintiff,

v.

CITY OF LIVONIA,

    Defendant,

Case: 24-    -CD

Hon:

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

## **PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff Matthew Vaquera, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC and for his Complaint against Defendant, City of Livonia states as follows:

1. Plaintiff, Matthew Vaquera (hereinafter "Plaintiff"), is a resident of the Township of Highland, County of Oakland, and State of Michigan.

2. Defendant, City of Livonia (hereinafter "Defendant") is a governmental entity duly authorized to do business in the County of Wayne and State of Michigan.

3. The events producing the original injury occurred in the County of Wayne and State of Michigan.

4. Venue and jurisdiction are proper in the Circuit Court for the County of Wayne pursuant to MCL § 600.1621 and MCL § 600.605.

5. The amount in controversy exceeds $25,000, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful race and national origin discrimination/harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff is a male of Hispanic descent who began his employment for the City of Livonia Fire Department in 1995 and was most currently employed as a Senior Captain.

9. In June, 2022 Plaintiff was promoted from Senior Chief to Battalion Chief pursuant to the Collective Bargaining Agreement ("CBA") between the Defendant City and Plaintiff's union.

10. At the time, Fire Chief Jensen had no discretion or choice in promoting Plaintiff under the terms of the CBA as Plaintiff had the most seniority and was required to be promoted to Battalion Chief pursuant to the CBA.

11. In being promoted to Battalion Chief there was a one-year probationary period.

12. As Battalion Chief, Plaintiff reported to Assistant Fire Chief, Chief Jensen and worked with Battalion Chief Ream who worked the other shift and was senior to Plaintiff with more experience as a Battalion Chief.

13. On September 25, 2022, Plaintiff received a call from a firefighter for sick time off.

14. The firefighter was very rude to Plaintiff and hung up the phone on Plaintiff.

15. While Plaintiff was offended, he tried not to think about it and move on.

3

16. On September 30, 2022, Plaintiff was called into the chief's office, questioned about the phone call and told that the firefighter had said Plaintiff hung up on him.

17. Plaintiff explained that the firefighter was rude and hung up on him.

18. Chief Jensen stated that the firefighter was probably "afraid" of Plaintiff alluding to Plaintiff's race and national origin.

19. Plaintiff replied, "he didn't sound afraid on the telephone."

20. Chief Jensen replied "it's the way you look. I'm sitting across from you and I'm afraid of you."

21. Chief Jensen's comments were clearly in reference to Plaintiff's race and national origin.

22. Plaintiff complained to Defendant's HR department that he was being harassed and discriminated against due to his race and national origin.

23. At the time Plaintiff complained to Defendant that Chief Jensen had made discriminating and harassing comments about Plaintiff's race and national origin, Plaintiff had no written disciplinary actions against him.

24. At all times relevant, Plaintiff was an exemplary employee and only started receiving complaints in retaliation for his complaints against Chief Jensen.

4

25. After Plaintiff complained about Chief Jensen's comments Chief Jensen and Battalion Chief Ream conspired to demote Plaintiff in order to force to retire.

26. Chief Jensen and Battalion Chief Ream began a campaign against Plaintiff by making false allegations of Plaintiff not performing his duties and of insubordination.

27. On September 30th, Plaintiff was suspended three days without pay for allegedly failing to follow procedure and insubordination.

28. Both of these allegations had no basis in fact and were merely pretext for the real reason which was to punish Plaintiff for complaining about race/national origin discrimination.

29. During his employment with the City of Livonia is less than fair treatment and a prevailing race and national origin nature against Hispanics in leadership positions, due to the "way I look."

30. Chief Jensen and Battalion Chief Ream continued their campaign of false allegations against Plaintiff to provide false pretext for additional disciplinary actions against Plaintiff in order to force him to retire.

31. None of the allegations were true, but in January, 2023 Defendant demoted Plaintiff back to Senior Captain due to the false allegations made by Chief Jensen and Battalion Chief Ream.

32. On January 28, 2023 Plaintiff was constructively discharged.

33. At all times relevant, Plaintiff was an employee of Defendant, City of Livonia who is vicariously liable for the wrongful and illegal acts of its employees.

34. On or about November 4, 2022 Plaintiff filed a Charge of Discrimination against Defendant Charge Number 471-2023-00132.

35. On April 25, 2024 the EEOC issued a Right to Sue letter.

## COUNT I
## RACE AND NATIONAL ORIGIN DISCRIMINATION AND HARASSMENT IN VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, et seq

36. Plaintiff incorporates by reference paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Plaintiff was subjected to unwelcome conduct and communication including adverse employment action due to his race and national origin and national origin.

38. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

39. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, et seq. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation based upon his race and national origin.

40. Plaintiff's race and national origin were factors in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

41. Plaintiff was subjected to repeat and continuous discriminatory and harassing treatment based upon his race and national origin by Defendant, to the point where his status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile and offensive work environment.

42. Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

43. Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race and national origin by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in race and national origin discrimination in the workplace;

   b. Imposing discipline based on race and national origin;

   c. Taking adverse employment action against Plaintiff due to his race and national origin;

   d. Preventing Plaintiff from having full and fair opportunities to advance in his position based upon his race and national origin; and

   e. Creating a hostile work environment for Plaintiff by discriminating against him, harassing him, and retaliating against him due to his race and national origin.

44. Defendant owed Plaintiff a duty to refrain from discriminating against him, harassing him and treating him differently as a direct result of his race and national origin.

45. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

46. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

47. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including physical pain and suffering, physical injuries, humiliation, embarrassment, outrage, mental anguish and anxiety,

emotional distress, loss of self-esteem, depression, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## CLAIM II
## RETALIATION

48. Plaintiff incorporates by reference paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon Plaintiff's race and national origin.

50. Plaintiff's race and national origin were factors in Defendant's employment decisions.

51. Defendant was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

52. Plaintiff complained to Human Resources about Defendant employees and supervisors, that he was being discriminated against due to his race and national origin and that he was being subjected to a hostile work environment.

9

53. Plaintiff's complaints to the Human Resources Department were protected activities.

54. Despite having notice of the harassment/discrimination and conduct toward Plaintiff based on his race and national origin, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon his race and national origin and in retaliation for his complaints of harassment/discrimination.

55. The harassment/discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: July 10, 2024

24-009895-CD FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  7/10/2024 2:54 PM  Carla Keefe

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MATTHEW VAQUERA,

    Plaintiff,

v.

CITY OF LIVONIA,

    Defendant,

Case: 24-_____-CD

Hon:

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

### DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Mathew Vaquera, by and through his attorneys, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: July 10, 2024

2